IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BRADLEY CRAIG BURCHFIELD**                                       **PLAINTIFF**

**v.**                                       **Civil No. 4:16-cv-04050**

**JEFF HARRELSON; MONTY WOODS;
BRYAN CHESSHIR; DEPUTY CHRIS
WALCOTT; SHERIFF BENNY SIMMONS;
and DEFENDANT DOE (BETTY)**                                **DEFENDANTS**

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bradley Craig Burchfield originally filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 24, 2016 in the Eastern District of Arkansas. ECF No. 1. On May 27, 2016 the case was transferred to the Western District of Arkansas. ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On June 1, 2016 I entered an Order directing Plaintiff to complete and file an application to proceed *in forma pauperis* ("IFP"). ECF No. 5. On June 24, 2016 Plaintiff filed a Motion to Supplement his Complaint (ECF No. 9). On June 30, 2016 Plaintiff's IFP application was approved and I granted Plaintiff's motion to supplement his Complaint. ECF No. 11, 12.

Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## BACKGROUND

According to Plaintiff's Complaint, he is currently incarcerated in the Sevier County Detention Center ("SCDC") in De Queen, Arkansas. Plaintiff has named the following defendants in this lawsuit: Public Defender Jeff Harrelson, Defendant Doe (Betty) (Public Defender's Secretary), Assistant Prosecuting Attorneys Monty Woods and Bryan Chesshir, Jail Administrator Chris Walcott and Sheriff Benny Simmons of Sevier County, Arkansas.

Plaintiff alleges Jail Administrator Chris Walcott and Sheriff Benny Simmons denied him access to a law library at the SCDC. According to the Complaint, there is no law library at the SCDC and it is the SCDC's policy that "since they allow free access to a lawyer they are not required to have a law library". ECF No. 1. Plaintiff also makes allegations that someone at the SCDC read his "privileged legal mail". ECF No. 9.

Plaintiff claims his public defender, Defendant Jeff Harrelson, violated his constitutional rights by failing to effectively represent him because "I've only been able to speak to my lawyer about my case one time" and Harrelson did not file paperwork on Plaintiff's behalf to have a misdemeanor "ran concurrent with a felony". ECF No. 1. His only allegation with respect to Defendant Doe (Betty), Harrelson's secretary, is that she spoke with Plaintiff on the phone several times, indicated she would give Harrelson messages and told him she could not send him legal materials from the law library. ECF Nos. 1, 9. With respect to the prosecuting attorney Defendants Monty Woods and Bryan Chesshir, Plaintiff alleges they exaggerated the charges against him for his drug possession. Plaintiff claims these Defendants, as well as his defense counsel, used "arcane tactics to force people who can't afford a paid lawyer into taking pleas well above the range of the law." ECF No. 9.

## APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff's claims against Defendants Monty Woods and Bryan Chesshir fail because they are prosecuting attorneys who are immune from a lawsuit seeking monetary damages. Prosecuting attorneys are immune from suits filed under 42 U.S.C. § 1983. In *Imbeler v. Pachtman*, the United States Supreme Court established absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).

Additionally, Defendant Jeff Harrelson and his secretary Defendant Doe (Betty) are not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d

3

999, 1002 (8th Cir. 1999). A public defender (or court appointed private counsel) is not acting under color of state law while representing a plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) ("A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Neither Defendant Harrelson nor his secretary Defendant Doe (Betty) were acting under color of state law while representing and assisting Plaintiff in his criminal proceeding. Accordingly, Plaintiff's claims against these Defendants fail.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint and Supplement (ECF Nos. 1, 9) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a) against Defendants Prosecutor Monty Wood, Prosecutor Bryan Chesshir, Public Defender Jeff Harrelson and Defendant Doe (Betty). The claims against Defendants Jail Administrator Chris Walcott and Sheriff Benny Simmons shall proceed. A separate Order of Service for these Defendants shall be issued.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 12th day of July 2016.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE