IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BRADLEY CRAIG BURCHFIELD**                                       **PLAINTIFF**

v.                                      Civil No. 4:16-cv-04050

**JEFF HARRELSON; MONTY WOODS;
BRYAN CHESSHIR; DEPUTY CHRIS
WALCOTT; SHERIFF BENNY SIMMONS;
and DEFENDANT DOE (BETTY)**                                       **DEFENDANTS**

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bradley Craig Burchfield filed this 42 U.S.C. § 1983 action *pro se* on April 22, 2016.  ECF No. 1.  Plaintiff's application to proceed *in forma pauperis* was granted on June 30, 2016.  ECF No. 11.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Before the Court is Plaintiff's Motion for Order for Preliminary Injunction and Temporary Restraining Order.  ECF No. 27.

### BACKGROUND

At the time Plaintiff filed his Complaint, he was incarcerated in the Sevier County Detention Center ("SCDC") in DeQueen, Arkansas.  ECF No. 1.  Plaintiff alleges he was denied access to a law library by Defendants Monty Woods and Bryan Chesshir at the SCDC.  According to the Complaint, there is no law library at the SCDC and it is the SCDC's policy that "since they allow free access to a lawyer they are not required to have a law library".  ECF No. 1.  On July 11, 2016 Plaintiff notified the Court of his transfer to the Arkansas Department of Correction – East Arkansas Regional Unit in Marianna, Arkansas.  ECF No. 17.  This remains Plaintiff's address of record.

Plaintiff specifically asks the Court to issue a "Preliminary Injunction and Temporary Restraining Order enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them, from barring defendants in criminal proceedings being held at the Sevier County Detention Center from the use of the law library." ECF No. 27. Plaintiff states he fears if he is transferred back to the SCDC for trial he will be held in administrative segregation and denied use of the law library. He claims denial of access to a law library could prevent him from representing himself at trial. ECF No. 27.

## LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).

The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). The Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

## DISCUSSION

Plaintiff is currently incarcerated in the ADC – East Arkansas Regional Unit. Because Plaintiff is no longer incarcerated in the SCDC any claim for injunctive relief against the SCDC is rendered moot. *See Smith v. Hundley,* 190 F.3d 852, 855 (8th Cir. 1999) (transfer to another facility moots any claims for injunctive relief).

Even if his claim was not moot, Plaintiff has failed to provide any documentation to demonstrate he will sustain irreparable harm if the Court does not issue injunctive relief. His motion is based on what might happen in the future if he is moved back to the SCDC. At least at this juncture, there is no threat of irreparable harm to Plaintiff. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

Finally, it is questionable whether Plaintiff will succeed on the merits of his claim against SCDC for denial of access to the law library. Plaintiff alleges while he was incarcerated at SCDC he requested to go the law library and the request was denied because "there is no law library at the facility. I was told to call my lawyer." ECF No. 1. The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817,

828 (1977).  However, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation.  *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).  Here Plaintiff complains of his access to a law library to assist in his self-representation at a pending trial in state Court in Sevier County, Arkansas.  As noted above he is no longer an inmate at the Sevier County Jail and has alleged no denial of his access to the courts.  His request for a Preliminary Injunction and Temporary Restraining Order should be denied.

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Order for Preliminary Injunction and Temporary Restraining Order (ECF No. 27) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of August 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE