IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BRADLEY CRAIG BURCHFIELD**                                              **PLAINTIFF**

v.                                    Civil No. 4:16-cv-04050

**JEFF HARRELSON; MONTY WOODS;
BRYAN CHESSHIR; DEPUTY CHRIS
WALCOTT; SHERIFF BENNY SIMMONS;
and DEFENDANT DOE (BETTY)**                                               **DEFENDANTS**

## ORDER

Plaintiff Bradley Craig Burchfield filed this 42 U.S.C. § 1983 action *pro se* on April 22, 2016. ECF No. 1. Plaintiff's application to proceed *in forma pauperis* was granted on June 30, 2016. ECF No. 11. Before the Court are the following motions filed by Plaintiff: Motion to Postpone Judgment (ECF No. 36), Motion to Amend Response (ECF No. 38), Motion to Amend/Correct Complaint (ECF No. 40), Motion to Supplement Legal Allegation (ECF No. 46), Motion for Formal Complaint (ECF No. 48), Motion to Supplement Evidence (ECF No. 49), Motion to Supplement Legal Remedy (ECF No. 50), Motion for Service (ECF No. 54) and Motion for Service (ECF No. 55).[1]

1. Motion to Postpone Judgment (ECF No. 36)

Plaintiff's Motion to Postpone Judgment asks the Court to "postpone judgment in concern to the Defendants Motion to dismiss pending the Plaintiff being provided with certain exhibits in

---

[1] To date there are two Report and Recommendations pending. One recommending dismissal of Defendants Harrelson, Woods, Chesshir and Doe Betty (ECF No. 18) and another recommending denial of Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. ECF No. 27. Also pending are the following motions filed by Plaintiff that will not be addressed in this Order: Motion for Preliminary Injunction (ECF No. 43), Motion to Order Preliminary Injunction and Temporary Restraining Order (ECF No. 47), Motion to Amend Defendants (ECF No. 51), Motion for Evidentiary Hearing (ECF No. 52), Motion to Amend Judgment (ECF No. 53).

the Motion to Subpoena and the Defendant answer to the Plaintiff's Interrogatories." A review of the Court's docket shows there is no pending motion to dismiss filed by Defendants. Plaintiff may intend to reference the Report and Recommendation (ECF No. 18) which recommends dismissal of Plaintiff's Complaint against Defendants Harrelson, Woods, Chessir and Doe (Betty). These Defendants have not yet been served and therefore are not required to participate in discovery. In addition, Plaintiff's Motion for Issuance of Subpoena (ECF No. 35) was previously denied as being premature. Accordingly, Plaintiff's Motion to Postpone Judgment (ECF No. 36) is **DENIED**.

2. <u>Motion to Amend Response</u> (ECF No. 38)

Plaintiff's Motion to Amend Response addresses the affirmative defenses set forth in the Defendants' Answer. ECF No. 21. Plaintiff is not required by the Federal Rules of Civil Procedure to respond to Defendants' Answer. Further, a motion to amend is not the proper avenue for presenting evidence or arguments to the Court. Plaintiff's claims have been stated in his Complaint. Any evidence he has to support these claims should be properly submitted in connection with a motion for summary judgment, at an evidentiary hearing or at trial. Accordingly, Plaintiff's Motion to Amend Response (ECF No. 38) is **DENIED**.

3. <u>Motion to Amend/Correct Complaint</u> (ECF No. 40)

In this motion Plaintiff asks the Court to "amend the "Prayer for Relief" on document 25 page 6 of my amended complaint" to include "Nominal Damages in the amount of ONE DOLLAR." In his Amended Complaint Plaintiff asked for compensatory damages in addition to injunctive relief. Compensatory damages include nominal damages. Accordingly, Plaintiff's Motion to Amend/Correct Complaint (ECF No. 40) is **DENIED**.

4. <u>Motion to Supplement Legal Allegation</u> (ECF No. 46)

In this Motion Plaintiff seeks to supplement his Amended Complaint with a claim of conspiracy under the "Sherman Act's restraint of trade provision (members of the Bar preventing access to adversary procedures)". Conspiracy under the Sherman Act is not a cognizable claim in a 42 U.S.C. § 1983 action. Accordingly, Plaintiff's Motion to Supplement Legal Allegation (ECF No. 46) is **DENIED**.

5. <u>Motion for Formal Complaint</u> (ECF No. 48)

In his Motion for Formal Complaint Plaintiff appears to be attempting to file an ethics complaint against Defendants Monty Woods, Jeff Harrelson, and Bryan Chesshir. In addition Plaintiff seeks to assert an ethics complaint against the undersigned. An ethics complaint is not a proper claim under a civil rights case filed pursuant to 42 U.S.C. § 1983. Accordingly, Plaintiff's Motion for Formal Complaint (ECF No. 48) is **DENIED.**

6. <u>Motion to Supplement Evidence</u> (ECF No. 49)

Plaintiff's Motion to Supplement Evidence seeks to bring to the Court's attention additional evidence and arguments relating to Defendant Harrelson and Defendant Doe (Betty)'s failure to provide adequate legal representation. A Report and Recommendation is still pending recommending dismissal of Plaintiff's Complaint against Defendants Harrelson and Doe (Betty). ECF No. 18. In addition, a motion to supplement is not the proper avenue for presenting evidence or arguments to the Court. Plaintiff's claims have been stated in his complaint. Any evidence he has to support these claims should be properly submitted in connection with a motion for summary judgment or at an evidentiary hearing in the event the claims against these Defendants proceed. Accordingly, Plaintiff's Motion to Supplement Evidence (ECF No. 49) is **DENIED**.

7. <u>Motion to Supplement Legal Remedy</u> (ECF No. 50)

In this motion Plaintiff seeks to add treble damages for violations under the Sherman Act. As previously stated, a claim under the Sherman Act is not a viable claim in a civil right action filed under 42 U.S.C. § 1983. Accordingly, Plaintiff's Motion to Supplement Legal Remedy (ECF No. 50) is **DENIED.**

8. <u>Motion for Service</u> (ECF No. 54)

In the Motion for Service, Plaintiff requests the U.S. Marshal to serve the Magistrate Judge presiding in this case in connection with his complaint for violations of the Sherman Act. The undersigned is not a party to this matter and not subject to service of process in this case. Further, and as previously ruled, an alleged violation under the Sherman Act is not a valid claim in a civil rights action filed pursuant to 42 U.S.C. § 1983. Accordingly, Plaintiff's Motion for Service (ECF No. 54) is **DENIED.**

9. <u>Motion for Service</u> (ECF No. 55)

In this Motion for Service Plaintiff states he filed an "Amended Complaint" on August 9, 2016 as well as other motions objecting to the Magistrate's R&R which none have been responded to by the Court nor respondent's counsel. If there are no objections by the Court there is no reason why the Defendant's should not be served." Plaintiff requests that Defendants Harrelson, Doe (Betty), Monty Woods, and Bryan Chesshir be served. Until the Court rules on the Magistrate's Report and Recommendation Plaintiff's Motion for Service is premature. Accordingly, Plaintiff's Motion for Service (ECF No. 55) is **DENIED.**

For the reasons stated above, Plaintiff's: Motion to Postpone Judgment (ECF No. 36) is **DENIED**, Motion to Amend Response (ECF No. 38) is **DENIED**, Motion to Amend/Correct Complaint (ECF No. 40) is **DENIED**, Motion to Supplement Legal Allegation (ECF No. 46) is

**DENIED**, Motion for Formal Complaint (ECF No. 48) is **DENIED**, Motion to Supplement Evidence (ECF No. 49) is **DENIED**, Motion to Supplement Legal Remedy (ECF No. 50) is **DENIED**, Motion for Service (ECF No. 54) is **DENIED**, and Motion for Service (ECF No. 55) is **DENIED**.

Plaintiff has filed 14 motions in this matter in the past 22 days. Each of the motions ruled no to date have been without merit and have been denied. There are two pending Report and Recommendations which, if adopted, will affect the processing of Plaintiffs Complaint. Many of the Motions deal with Plaintiff's efforts to add claims or defendants to this case or to serve named Defendants who may very well be soon dismissed from this case. Plaintiff is not entitled to unlimited amendments to his Complaint. *Zenith Radio Corp.,* 401 U.S. 321, at 330–32 (1971). Plaintiff cannot continue to add Defendants and claims in this matter simply because Plaintiff disagrees with the Court's decisions. Allowing such continuous amendments would be unduly prejudicial to Defendants, would impede the resolution of this matter, and would be detrimental to the administration of justice in this Court.

Accordingly, the Clerk of the Court is **DIRECTED** to accept no further amendments, supplements, or motions from Plaintiff without prior approval from the Court. The Clerk is directed to return any filings tendered by Plaintiff to him until further order of this Court.

**IT IS SO ORDERED this 15th day of September 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE