IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRADLEY CRAIG BURCHFIELD                                          PLAINTIFF

v.                                    Civil No. 4:16-cv-04050

JEFF HARRELSON; MONTY WOODS;
BRYAN CHESSHIR; DEPUTY CHRIS
WALCOTT; SHERIFF BENNY SIMMONS;
and DEFENDANT DOE (BETTY)                                         DEFENDANTS

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Bradley Craig Burchfield filed this 42 U.S.C. § 1983 action *pro se* on May 24,
2016.  ECF No. 1.  Plaintiff's application to proceed *in forma pauperis* was granted on June 30,
2016.  ECF No. 11.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the
Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for
the purpose of making a Report and Recommendation.  Before the Court are Plaintiff's Motion for
Order for Preliminary Injunction (ECF No. 43) and Motion for Order for Preliminary Injunction
and Temporary Restraining Order.  ECF No. 47.[1]

BACKGROUND

At the time Plaintiff filed his Complaint, he was incarcerated in the Sevier County
Detention Center ("SCDC") in DeQueen, Arkansas.  ECF No. 1.  Plaintiff alleges he was denied
access to a law library by Defendants Monty Woods and Bryan Chesshir at the SCDC.  According
to the Complaint, there is no law library at the SCDC and it is the SCDC's policy that "since they
allow free access to a lawyer they are not required to have a law library".  ECF No. 1.  On July 11,

---

[1] Plaintiff filed his first Motion for Preliminary Injunction and Temporary Restraining Order on August 9, 2016
alleging similar facts to the motions addressed herein.  ECF No. 27.  I entered a Report and Recommendation on
August 16, 2016 (ECF No. 31) recommending Plaintiff's Motion (ECF No. 27) be denied.  This Report and
Recommendation is currently pending before the District Judge.

2016 Plaintiff notified the Court of his transfer to the Arkansas Department of Correction – East Arkansas Regional Unit in Marianna, Arkansas.  ECF No. 17.  This remains Plaintiff's address of record.

In Plaintiff's motion filed on September 6, 2016 Plaintiff specifically asks the Court to issue a preliminary injunction  enjoining the "defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them, from barring the Petitioner from filing paperwork to proceed pro se in the Circuit Court of Sevier County Arkansas." ECF No. 43.  Plaintiff states he has "filed or tried to file in forma pauperis, Motion for Discovery, a Motion to Subpoena Witnesses, Motion for a Copy of the Court Docket, and other important paperwork vital to the defense in said criminal trial."   ECF No. 43.   Plaintiff asserts "The Defendants, the County Clerk, and the Municipality of the City of DeQueen and the County of Sevier are barring the Petitioner once again from "access to the courts" to proceed pro se and to do so without the prepayment of filing fees.  ECF No. 43.

In the motion filed on September 14, 2016 Plaintiff requests a preliminary injunction and temporary restraining order enjoining the "Defendants, their SUCCESSORS in office, agents and employees and all other persons acting in concert and participation with them, from barring the petitioner from "access to the courts", "access to meaningful assistance," "access to proceed pro se," "access to law library materials (filed in discovery in circuit court section 3(a); Exculpatory evidence)", and any other just relief."  ECF No. 47.  Plaintiff goes on to state he still has a pending trial in Sevier County and "even though I am no longer there I am still being denied by Jeff Harrelson's and Monty Woods' successors in office.  My constitution rights have been violated." ECF No. 47.

**LEGAL STANDARD**

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Systems, Inc. v. C. L. Systems, Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997);  *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted."  *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).

The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  The Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Id.* (internal quotations omitted).

**DISCUSSION**

Plaintiff is currently incarcerated in the ADC – East Arkansas Regional Unit.  Because Plaintiff is no longer incarcerated in the SCDC any claim for injunctive relief against the SCDC is

rendered moot. *See Smith v. Hundley,* 190 F.3d 852, 855 (8th Cir. 1999) (transfer to another facility moots any claims for injunctive relief). In addition, Plaintiff seeks injunctive relief relating to his pending criminal trial in Sevier County. Plaintiff's claim for injunctive relief is barred under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The *Younger* doctrine provides federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). Because Plaintiff's state criminal case is still pending, "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger*, 401 U.S. at 56. Although a narrow exception to the *Younger* abstention doctrine exists when a criminal prosecution is initiated "to retaliate for or discourage the exercise of constitutional rights," no such bad faith is alleged here. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988).

Even if his claim was not moot and not barred by the *Younger* doctrine, Plaintiff has failed to provide any documentation to demonstrate he will sustain irreparable harm if the Court does not issue injunctive relief. Plaintiff has the ability to raise the issues raised here in the state trial court and failing that the state appellate courts. At this juncture, there is no threat of irreparable harm to Plaintiff. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

Finally, it is unlikely Plaintiff will succeed on the merits of his claim in this case against SCDC for denial of access to the law library. Plaintiff alleges while he was incarcerated at SCDC he requested to go the law library and the request was denied because "there is no law library at

the facility.  I was told to call my lawyer."  ECF No. 1.  The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith,* 430 U.S. 817, 828 (1977).  However, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance."  *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation.  *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other methods).

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 43) and Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 47) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of October 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE