IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BRADLEY CRAIG BURCHFIELD**                                                                **PLAINTIFF**

v.                                              Civil No. 4:16-cv-04050

**JEFF HARRELSON; MONTY WOODS;
BRYAN CHESSHIR; DEPUTY CHRIS
WALCOTT; SHERIFF BENNY SIMMONS;
and DEFENDANT DOE (BETTY)**                                                        **DEFENDANTS**

## ORDER

Plaintiff Bradley Craig Burchfield filed this 42 U.S.C. § 1983 action *pro se* on April 22, 2016. ECF No. 1. Plaintiff's application to proceed *in forma pauperis* was granted on June 30, 2016. ECF No. 11. Before the Court are the following motions filed by Plaintiff: Motion to Amend Defendants (ECF No. 51), Motion for Evidentiary Hearing (ECF No. 52), and Motion to Amend Judgment (ECF No. 53).

There are currently three Report and Recommendations pending before the District Court. One recommending dismissal of Defendants Harrelson, Woods, Chessir and Doe Betty (ECF No. 18) and two recommending denial of Plaintiff Motions for Preliminary Injunction and Temporary Restraining Order. ECF Nos. 31, 59.

1. <u>Motion to Amend Defendants</u> (ECF No. 51)

In his Motion to Amend Defendants, Plaintiff "seeks to add Magistrate Judge Barry A. Bryant in his individual capacity" to this case. ECF No. 51. Plaintiff argues I should be added as a Defendant because I entered a Report and Recommendation to dismiss several Defendants. ECF No. 18. A presiding judge in a case is not subject to suit. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine,

1

in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S. Ct. 1213, 1217–18, 18 L. Ed. 2d 288 (1967). Plaintiff's Motion to Amend Defendants (ECF No. 51) is **DENIED.**

  2. Motion for Evidentiary Hearing (ECF No. 52)

Plaintiff states in this Motion he "has objected to the Magistrates R & R, and has received no response" and he "desires to submit new, different, or additional evidence and to have a hearing for this purpose before the District Judge". ECF No. 52. Until the District Court rules on the pending Report and Recommendations (ECF Nos. 18, 31, 59) Plaintiff's request for a hearing is premature. Accordingly, Plaintiff's Motion for Evidentiary Hearing (ECF No. 52) is **DENIED.**

  3. Motion to Amend Judgment (ECF No. 53)

Plaintiff's Motion to Amend Judgment consists of twenty-two (22) pages in which he argues against my recommendation to dismiss several Defendants in the Report and Recommendation entered on July 12, 2016. ECF No. 18. Plaintiff had the opportunity to file an objection to the Report and Recommendation which he did on August 8, 2016. ECF No. 23. Plaintiff is not permitted to submit a second objection under the guise of a Motion to Amend Judgment. Moreover, the Report and Recommendation is not a judgment. It is a recommendation to the District Court. Accordingly, Plaintiff's Motion to Amend Judgment (ECF No. 53) is **DENIED**.

  **IT IS SO ORDERED this 25th day of October 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE