IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRADLEY CRAIG BURCHFIELD                                              PLAINTIFF

v.                              Case No. 4:16-cv-4050

JEFF HARRELSON; MONTY WOODS;
BRYAN CHESSHIR; DEPUTY CHRIS
WALCOTT; SHERIFF BENNY SIMMONS; and
DEFENDANT DOE (BETTY)                                                DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed July 21, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 18). Judge Bryant recommends that Plaintiff Bradley Craig Burchfield's claims be dismissed with prejudice as to the following defendants: Jeff Harrelson, Defendant Doe (Betty), Monty Woods, and Bryan Chesshir. Plaintiff has timely filed objections to the Report and Recommendation, along with two supplements. (ECF Nos. 23-24, 32). The Court finds this matter ripe for consideration.

**I. BACKGROUND**

This case is a § 1983 action brought by Plaintiff on May 24, 2016, suing Defendants in both their official and personal capacities. Plaintiff alleges that when he was awaiting state charges and incarcerated in the Sevier County Detention Center ("SCDC") in De Queen, Arkansas, SCDC did not have a law library.[1] Plaintiff states that it is SCDC's policy to provide access to law library materials through appointed counsel and free phone calls to counsel. Plaintiff alleges that Defendant Chris Walcott and Defendant Benny Simmons denied him access

---

[1] The record indicates that Plaintiff is no longer incarcerated at SCDC, but is currently incarcerated at the Arkansas Department of Correction – East Arkansas Regional Unit in Mariana, Arkansas. (ECF No. 17).

to a law library at SCDC.[2] Plaintiff also alleges that while at SCDC, he believes someone read his "privileged legal mail" because some of it had been opened and handwriting on the outside was not his. (ECF No. 9).

Plaintiff claims that Defendant Jeff Harrelson, a public defender, violated his constitutional rights by failing to effectively represent him. Plaintiff states that he was only able to speak with Defendant Harrelson on one occasion regarding his case. Plaintiff alleges that at court, Defendant Harrelson was unable to provide the law he was being charged with, and that Defendant Harrelson has "several ethics reviews and other cases of 'ineffective counsel' under suit from other inmates." (ECF No. 9). Plaintiff alleges that Defendant Harrelson's secretary, Defendant Doe (Betty), spoke with Plaintiff on the telephone several times, indicated that she would pass messages along to Defendant Harrelson, and on one occasion, told Plaintiff that she could not send him paperwork to fill out to "have a misdemeanor ran [sic] concurrent with a felony." (ECF No. 1).

Plaintiff alleges that Defendant Monty Woods and Defendant Bryan Chesshir, both prosecuting attorneys in Sevier County, Arkansas, exaggerated the charges against him for drug possession. Plaintiff alleges that Defendants Harrelson, Woods, and Chesshir use "arcane tactics to force people who can't afford a paid lawyer into taking pleas well above the range of the law." (ECF No. 9).

On May 24, 2016, Plaintiff filed the present *pro se* case in the United States District Court for the Eastern District of Arkansas. On May 27, 2016, the case was transferred to the Western District of Arkansas. Pursuant to 28 U.S.C. § 636(b)(1) & (3), the Court referred this case to Judge Bryant for the purpose of making a Report and Recommendation. On July 12, 2016, Judge Bryant issued a Report and Recommendation, recommending that Plaintiff's claims

---

[2] Plaintiff's Complaint identifies Defendant Walcott as the SCDC Jail Administrator and identifies Defendant Simmons as the Sevier County Sheriff.

against Defendants Harrelson, Doe (Betty), Woods, and Chesshir be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Judge Bryant concluded that Plaintiff's § 1983 claims against Defendants Harrelson and Doe (Betty) fail because public defenders do not act under color of state law while representing a client in a criminal proceeding. Judge Bryant also concluded that Plaintiff's §1983 claims against Defendants Woods and Chesshir fail because prosecuting attorneys have absolute immunity from suits for damages filed under 42 U.S.C. § 1983 related to all acts "intimately associated with the judicial phase of the criminal process." (ECF No. 18). Judge Bryant recommended that Plaintiff's claims against Defendants Walcott and Simmons should proceed. On August 4, Plaintiff timely filed objections to the Report and Recommendation, as well as a supplement to his objections.[3] On August 18, Plaintiff filed an additional supplement to his objections.

## II. DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"), the Court must review complaints in civil actions in which a prisoner seeks redress from a government entity or any officers or employees of a government entity. 28 U.S.C. § 1915A(a). The complaint, or any portion of the complaint, will be dismissed if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. For purposes of this analysis, a "frivolous" complaint is one that lacks an arguable basis in law and/or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

---

[3] Plaintiff's objections are timely because on September 4, 2016, the Court entered an Order granting Plaintiff's Motion to Request Extension related to his objection deadline. (ECF No. 22).

*Atkins*, 487 U.S. 42, 48 (1988).

According to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff objects to Judge Bryant's recommendations that Plaintiff's claims against Defendants Harrelson, Doe (Betty), Woods, and Chesshir be dismissed.[4] The Court will now turn its analysis to each of the defendants at issue here and discuss whether Plaintiff's claims against each should be dismissed.

### A.  Defendant Harrelson and Defendant Doe (Betty)

As stated above, a § 1983 claim must allege that a defendant, acting under color of state law, deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Neitzke*, 490 U.S. at 325. Generally, a public defender does not act under color of state law while representing a plaintiff in a criminal proceeding. *Polk Cnty v. Dodson*, 454 U.S. 312, 324 (1981).

Plaintiff objects to Judge Bryant's recommendation that Defendant Harrelson, a public defender, and his secretary, Defendant Doe (Betty), were not acting under color of state law. In his first supplement to his objections to the Report and Recommendation, Plaintiff relies on *White v. State*, 277 Ark. 429, 643 S.W.2d 304 (1982) for the proposition that "[t]he accused has the right to counsel in criminal cases protected by the 6th Amendment to the U.S. Constitution and Arkansas Constitution, Art. 2, § 10." (ECF No. 24). Plaintiff further argues that *White* "clearly states the defendants are 'acting under color of statute' and 'state law' while representing and assisting Plaintiff in his criminal proceeding." (ECF No. 24). However, *White* does not make any reference to a § 1983 claim or contain the words "acting under color of."

---

[4] Plaintiff's second supplement requests the Court to admonish or remove Judge Bryant from the case, citing 28 U.S.C. § 2254(d) and arguing the Report and Recommendation "was contrary to or involved an unreasonable application of clearly established law . . . based on an unreasonable determination of the facts." (ECF No. 32). Section 2254(d) does not apply here, as it provides the standard for federal courts to issue a writ of habeas corpus for someone held in state custody due to an erroneous adjudication in state court. The record does not show that Plaintiff has petitioned for a writ of habeas corpus. Plaintiff is not held in state custody because of Judge Bryant's Report and Recommendation, and importantly, Judge Bryant does not sit as the judge of a state court.

Instead, *White* concerned a prisoner's allegations that his conviction should be set aside because he was underage and under the influence of drugs at the time the crime was committed, and because he received misleading advice from his attorney. Nothing in *White* addresses whether a public defender or court-appointed counsel acted under color of state law. Thus, the Court finds that Plaintiff's reliance on *White* is misplaced.

In an unrelated filing, Plaintiff references *Tower v. Glover*, which he states "identifies professionals as state actors." (ECF No. 53). In *Tower*, the Supreme Court found that a state public defender acted under color of state law and thus was not immune from liability under § 1983. *Tower v. Glover*, 467 U.S. 914, 923 (1984). However, this exception to the general rule was limited to where public defenders engage in intentional misconduct through alleged conspiratorial action with state officials to deprive clients of federal rights. *Id.* Allegations of conspiratorial action must be made with sufficient specificity and factual support so as to suggest a "meeting of the minds." *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983)). It is not enough for a plaintiff to only make conclusory allegations of a conspiracy. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988).

In this case, Plaintiff did not make sufficiently specific allegations of conspiratorial action for the Court to find that Defendants Harrelson and Doe (Betty) acted under color of state law. Plaintiff's initial complaint made no allegations of a conspiracy between Defendant Harrelson, Defendant Doe (Betty), and state officials. Plaintiff's amended complaint stated that SCDC has no law library, and alleged SCDC has no access to a law library through counsel. The amended complaint stated further, "It seems to me that the prosecutors, as well as the defense, use these arcane tactics to force people who can't afford a paid lawyer into taking pleas well above the range of the law." (ECF No. 9). Plaintiff's objections to the Report and Recommendation alleged that "[t]he defendants in this case knew full well of the discrepancies

5

in due process violations being committed at the SCDC." (ECF No. 23). Plaintiff's first supplement to his objections argued that the prosecution and defense "knowingly den[ied] the plaintiff . . . access to law library materials to negate the prosecutions [sic] charges." (ECF No. 24).

Even when reading Plaintiff's complaint and objection-related documents with liberality, the Court does not find Plaintiff's allegations of conspiratorial conduct to be sufficiently specific. *See White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981) (instructing courts to read *pro se* complaints leniently when determining if allegations provide for relief). Plaintiff offers no factual support for his allegations. Plaintiff appears to have only made conclusory allegations of conspiratorial conduct. The Court is thus unpersuaded that Defendants Harrelson and Doe (Betty) acted under color of state law in their respective capacities as public defender and secretary. Therefore, the Court finds that Plaintiff's § 1983 claims against Defendant Harrelson and Defendant Doe (Betty) fail and are should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

### B.  Defendant Woods and Defendant Chesshir

As previously stated, a § 1983 claim must allege that a defendant, acting under color of state law, deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Neitzke*, 490 U.S. at 325. Generally, prosecuting attorneys have absolute immunity from civil suits for damages filed under 42 U.S.C. § 1983. *Imbeler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity applies to any prosecutorial activity that is "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Qualified immunity applies when a prosecutor performs administrative functions or investigatory functions that do not relate to preparation for the initiation of a prosecution or judicial proceeding. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Plaintiff's objections appear to quote *Imbeler* in stating that "[t]he prosecutor has only qualified (or good faith) immunity for his conduct up to the filing of charges (e.g. investigative actions) or in administrative actions."[5] (ECF No. 24). However, neither Plaintiff's objections nor the two supplements appear to argue that Defendants Woods and Chesshir are only entitled to qualified immunity. Plaintiff also does not appear to dispute Judge Bryant's recommendation that absolute immunity applies to Defendants Woods and Chesshir.[6] The Court finds that Defendants Wood and Chesshir, in their individual capacities, have absolute immunity from civil suits for damages filed under 42 U.S.C. § 1983. *See McKay v. City of St. Louis*, No. 4:15-CV-01315-JAR, 2016 WL 4594142, at *8 (E.D. Mo. Sept. 2, 2016). Therefore, Plaintiff's claims against Defendant Woods and Defendant Chesshir in their individual capacities fail and are should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

Absolute immunity extends only to claims against defendants sued in their individual capacities, and does not bar claims against defendants in their official capacities. *See VanHorn v. Oelschlager*, 502 F.3d 775, 778-79 (8th Cir. 2007). A suit against a government official in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Sovereign immunity precludes claims against states, but not against counties. *N. Ins. Co. of N.Y. v. Chatham Cnty*, 547 U.S. 189, 193 (2006).

In this case, Plaintiff brings a claim against Defendants Woods and Chesshir in their official capacities. Defendants Woods and Chesshir are both prosecuting attorneys in Sevier

---

[5] This language does not appear in *Imbeler* as quoted, and *Imbeler* ultimately declines to decide whether pre-prosecution actions are considered advocate functions, thus drawing absolute immunity, or administrative/investigatory functions, drawing qualified immunity. *Imbeler*, 424 U.S. at 431 n.33.

[6] Even if Plaintiff did make these arguments in relation to the charges filed against him by Defendants Woods and Chesshir, they would still be entitled to absolute immunity. *See Williams v. Hartje*, 827 F.2d 1203, 1209 (8th Cir. 1987) (stating the decision of a prosecutor to file charges is a function protected by absolute immunity); *Culpepper v. Smith*, 302 Ark. 558, 572, 792 S.W.2d 293, 300 (1990) (same).

7

County, Arkansas. Thus, they are officers of Sevier County, Arkansas. *See John Chism Bail Bonds, Inc. v. Pennington*, 656 F. Supp. 2d 929, 935 (E.D. Ark. 2009), *aff'd in part*, 411 F. App'x 927 (8th Cir. 2011) (finding an official-capacity claim against a county prosecutor is a claim against the county in which the prosecutor works). Because Sevier County does not enjoy sovereign immunity, these § 1983 official-capacity claims may proceed if Plaintiff has sufficiently alleged that a policy or custom of Sevier County, Arkansas was a "moving force" behind Defendants Woods and Chesshir's alleged deprivation of Plaintiff's federal rights. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The Court finds that Plaintiff has not met this burden. Plaintiff has not directly alleged any policy or custom in connection with his claims against Defendants Woods and Chesshir. As discussed in the previous section, Plaintiff made conclusory allegations of a conspiracy between the defendants in this case to deprive Plaintiff and others of their federal rights. Plaintiff presented no factual support for these allegations. The only policy discussed in Plaintiff's complaint is SCDC's policy that prisoners are given access to the court system through their attorneys. Plaintiff's complaint contained no allegations or factual support that this policy was a "moving force" behind Defendants Woods and Chesshir's actions, or that the SCDC has a policy of depriving prisoners of federal rights.[7] Plaintiff appears to concede that rather than provide a law library, SCDC instead grants prisoners access to law-library materials through their attorney. Plaintiff alleges that in his case, his public defender failed to provide him such access. This does not constitute a policy of federal-rights deprivation which was a "moving force" behind Defendants Woods and Chesshir. The Court finds that Plaintiff has not made sufficient

---

[7] Plaintiff argued that Defendants Woods and Chesshir violated multiple rules of professional conduct and the Arkansas Rules of Criminal Procedure by knowingly failing to disclose exculpatory evidence in the form of law-library materials, which would allegedly negate Plaintiff's guilt. Plaintiff provided no authority stating that law-library materials are considered exculpatory evidence or "information" as provided in Ark. R. Crim. P. 17.1(d). The Court is unpersuaded by this argument. *See* Black's Law Dictionary 635 (9th ed. 2009) (defining evidence as "[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact.").

allegations to move forward with his official-capacity claims against Defendants Woods and Chesshir. Therefore, Plaintiff's claims against Defendant Woods and Defendant Chesshir in their official capacities fail and should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

### III. CONCLUSION

Based on the Court's *de novo* review, the Court overrules Plaintiff's objections (ECF Nos. 23-24, 32) and adopts the Report and Recommendation *in toto*. Plaintiff's claims against Defendants Harrelson, Doe (Betty), Woods, and Chesshir are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Plaintiff's claims against Defendant Walcott and Defendant Simmons remain.

**IT IS SO ORDERED**, this 25th day of October, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge