IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRADLEY CRAIG BURCHFIELD                                                              PLAINTIFF

v.                                              Case No. 4:16-cv-4050

DEPUTY CHRIS WALCOTT and
SHERIFF BENNY SIMMONS                                                               DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed August 16, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 31). Judge Bryant recommends that Plaintiff Bradley Craig Burchfield's Motion to Order for a Preliminary Injunction and a Temporary Restraining Order (ECF No. 27) be denied. Plaintiff has timely filed objections to the Report and Recommendation. (ECF No. 39). The Court finds this matter ripe for consideration.[1]

**I. BACKGROUND**

This case is a § 1983 action brought by Plaintiff, suing Defendants Chris Walcott and Benny Simmons in both their official and personal capacities.[2] Plaintiff alleges that while he was awaiting state charges and incarcerated in the Sevier County Detention Center ("SCDC") in De Queen, Arkansas, SCDC did not have a law library. Plaintiff states that it is SCDC's policy to provide access to law library materials through appointed counsel and free phone calls to counsel. Plaintiff alleges that Defendants denied him access to a law library at SCDC, which in

---

[1] Rule 7.2(e) of the Rules for the United States District Courts for the Eastern and Western Districts of Arkansas provides that pretrial motions for preliminary injunctions and temporary restraining orders will not be considered unless they are filed with a separate brief in support. Plaintiff did not comply with this rule, as he did not file a separate brief. Because he is acting *pro se* in this case, the Court will show leniency and consider the motion.

[2] Plaintiff's complaint identifies Defendant Walcott as the Sevier County Detention Center Jail Administrator and Defendant Simmons as the Sevier County Sheriff. The complaint named additional defendants, but the Court adopted a separate Report and Recommendation and dismissed Plaintiff's claims against the other defendants. (ECF No. 61).

combination with an allegedly insufficient public defender, deprived Plaintiff of meaningful access to the courts. The record shows that Plaintiff is no longer incarcerated at SCDC, and is currently incarcerated at the Arkansas Department of Correction – East Arkansas Regional Unit in Marianna, Arkansas. (ECF No. 17). This remains Plaintiff's address of record.

On May 24, 2016, Plaintiff filed the present *pro se* case in the United States District Court for the Eastern District of Arkansas. On May 27, 2016, the case was transferred to the Western District of Arkansas. On August 9, 2016, Plaintiff filed a motion asking the Court to enjoin Defendants and others from "barring defendants in criminal proceedings being held at the Sevier County Detention Center from the use of the law library."[3] (ECF No. 27). Plaintiff argued that he fears he will be transferred back to SCDC for trial and that he will be held in administrative segregation, thus denying him use of the law library. He claims that denial of access could prevent him from representing himself at trial.

On August 10, 2016, Defendants filed a response to Plaintiff's motion, with an accompanying brief in support. (ECF Nos. 29-30). Defendants argued that Plaintiff failed to meet his burden of proving that a preliminary injunction or temporary restraining order should be issued. Defendants argued in the alternative that Plaintiff's motion is moot because Plaintiff is no longer incarcerated at SCDC.

On August 23, 2016, Plaintiff filed a reply to Defendants' response.[4] (ECF No. 37). Plaintiff argued that his motion is not moot because he will be transferred to SCDC at some point. Plaintiff reiterated his argument that denial of access to a law library will impede his

---

[3] Plaintiff's word choice throughout the motion appears to indicate that SCDC now has a law library that he fears he will lose use of. The Court is unsure whether this was Plaintiff's intent, as his complaint is based on the claim that SCDC did not have a law library. Likewise, Plaintiff's objections to Judge Bryant's Report and Recommendation cite authority for the proposition that a complete lack of law materials in a county jail impedes prisoners' access to the courts. Regardless, the Court's analysis remains the same under either interpretation.

[4] This reply was not timely pursuant to Fed. R. Civ. P. 27(a)(4), but given that Plaintiff is acting *pro se*, the Court will proceed leniently and consider its contents because it was not available to Judge Bryant at the time his Report and Recommendation was issued.

ability to litigate his criminal case. Plaintiff argued that the threat of this occurring is "both real and immediate," and claimed that "[o]ne inmate was locked in solitary confinement and denied his legal mail for several months." (ECF No. 37). Plaintiff's reply also argued that his equal protection rights were violated because inmates with more serious charges were given the same plea-bargain offer made to him.[5]

Pursuant to 28 U.S.C. § 636(b)(1) & (3), the Court referred this case to Judge Bryant for the purpose of making a Report and Recommendation. On August 16, 2016, Judge Bryant issued a Report and Recommendation, recommending that Plaintiff's motion be denied. (ECF No. 31). Judge Bryant recommended that Plaintiff's claim for injunctive relief is moot due to the fact that he is no longer incarcerated at SCDC. Judge Bryant recommended that, even if the claim was not moot, Plaintiff failed to provide any evidence to demonstrate he will sustain irreparable harm if the Court does not issue injunctive relief. Judge Bryant also recommended that it is questionable whether Plaintiff will succeed on the merits of his claim against SCDC for denial of access to the law library. Judge Bryant concluded that Plaintiff's motion should be denied. On August 29, 2016, Plaintiff timely filed objections to the Report and Recommendation. (ECF No. 39).

## II. DISCUSSION

Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions and temporary restraining orders. The determination of whether a preliminary injunction is warranted involves consideration of: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties . . . ; (3) the probability that [the] movant will succeed on the merits; and (4) the public

---

[5] The Court declines to address this argument in this Order because, while potentially relevant to his § 1983 claim, it is not relevant to the motion for a preliminary injunction.

interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Importantly, a movant's "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Id.*

In a prison context, a request for injunctive relief "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks omitted). Courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.* at 521.

According to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff's objections are largely unresponsive to Judge Bryant's recommendations, but Plaintiff does specifically object to the recommendation that Plaintiff's claim for injunctive relief was rendered moot by his transfer from SCDC. Plaintiff does not explicitly object to Judge Bryant's recommendation that Plaintiff has failed to show he will suffer irreparable harm absent an injunction and that he is likely to succeed on the merits, but as discussed below, these arguments may be inferred from the objections.

### A. Mootness of Plaintiff's Claim for Injunctive Relief

Judge Bryant recommended that Plaintiff's motion for preliminary injunction was rendered moot by his transfer from SCDC. Plaintiff objected, stating that he has an upcoming trial in Sevier County, Arkansas, and asserting that he will be transferred to SCDC for the trial; thus "this subject could re-occur which would argue the point of being moot." (ECF No. 39). Plaintiff also stated that there are other pre-trial detainees in SCDC who are suffering the same

treatment.[6]

The Eighth Circuit provides that a prisoner's request for injunctive relief is generally rendered moot by the prisoner's transfer to a different facility in which the alleged unlawful condition does not exist. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, in exceptional situations, the Eighth Circuit has recognized a "capable-of-repetition-yet-evading-review" exception to prisoners' otherwise moot injunctive-relief requests where: (1) the challenged action is too short in duration to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *See Smith*, 190 F.3d at 855; *Hickman v. State of Mo.*, 144 F.3d 1141, 1142 (8th Cir. 1998). For clarity's sake, the Court will address these two prongs in reverse order.

The second prong of the exception asks whether there is a reasonable expectation that the movant will be subject to the same action again. *Smith*, 190 F.3d at 855. Plaintiff argues that he has a pending trial in Sevier County, Arkansas, and that, for the duration of the trial, he will be transferred across the state from his current correctional facility in Marianna, Arkansas, to SCDC in Sevier County. Neither Plaintiff nor Defendants offered any evidence or documentation supporting or disproving Plaintiff's speculation. The Court finds that Plaintiff's speculation is reasonable, as it is unlikely that Plaintiff will be transferred back-and-forth across the state every day of his trial. As far as the record indicates, SCDC is the closest detention facility to where Plaintiff's criminal trial will be held. The Court finds there is a "reasonable expectation" that Plaintiff will be transferred to Sevier County and kept at SCDC, where he will remain until the conclusion of his trial in Sevier County. Thus, the Court is satisfied that the second prong of the exception is met.

---

[6] The Court declines to address this argument because prisoners lack standing to bring claims on behalf of other prisoners. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

5

The first prong of the exception focuses on whether the challenged activity is "by its very nature short in duration, so that it could not, or probably would not, be able to be adjudicated while fully alive."  *Hickman*, 114 F.3d at 1143 (internal quotation marks and emphasis omitted).  Although Plaintiff offered no argument or evidence related to the duration of the alleged deprivation, the Court believes that, if transferred back to SCDC, Plaintiff would experience the challenged condition (i.e. lack of access to a law library) for a duration that is too short to be fully litigated prior to the condition's cessation.  Plaintiff states in one of his motions for preliminary injunction[7] that he "still has a pending trial . . . 10/13/2016 and 10/26/2016 in Sevier County." (ECF No. 47).  A court date has not been set for Plaintiff's § 1983 suit with this Court.  The Court finds it extremely likely that Plaintiff's criminal trial (and the alleged deprivation that Plaintiff will suffer without access to a law library at SCDC) will conclude before Plaintiff is able to fully litigate his § 1983 challenge to SCDC's policy of not providing prisoners a law library.  Thus, the Court finds that the first prong is satisfied.

The Court finds that both prongs of the "capable-of-repetition-yet-evading-review" exception are satisfied, and thus finds that Plaintiff's injunctive-relief claim is not moot due to his transfer from SCDC.  The Court will now decide whether to grant Plaintiff's motion by analyzing the four *Dataphase* factors:  (1) whether the movant will suffer irreparable harm without an injunction, (2) the likelihood that the movant will succeed on the merits; (3) the harm suffered by the nonmoving party if an injunction is granted; and (4) the public interest.  *Dataphase Sys., Inc.*, 640 F.2d at 114.

### B.  Irreparable Harm

In addition to being one of the four *Dataphase* factors, failure to show irreparable harm is

---

[7] After filing the Motion to Order for a Preliminary Injunction and a Temporary Restraining Order that is addressed in Judge Bryant's Report and Recommendation, Plaintiff filed two other motions for preliminary injunctions.  (ECF Nos. 43, 47).

6

an independently sufficient ground upon which to deny a preliminary injunction. *Watkins Inc.*, 346 F.3d at 844. Judge Bryant recommended that Plaintiff has not shown that he will suffer irreparable harm without an injunction. Judge Bryant found that Plaintiff's motion is based entirely on speculation about what might happen in the future, and that Plaintiff provided no substantiating evidence or documentation. Judge Bryant recommended that, at the moment, there is no threat of irreparable harm to Plaintiff. Plaintiff did not directly object to this recommendation, but his objections contain a line stating that he will suffer actual injury if he is kept at SCDC for the duration of his criminal trial, denied access to a law library, and thus loses the trial because he is unable to conduct legal research during that time. The Court will construe this as an objection to Judge Bryant's recommendation.

"The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins Inc.*, 346 F.3d at 844. The Court finds that Plaintiff has failed to show that he would suffer irreparable harm unless an injunction is granted. Plaintiff alleged that denial of access to a law library during his trial could impede his ability to litigate his criminal trial, but does not offer an explanation of how or why this may occur.

The Eighth Circuit has held that a pretrial detainee is not denied adequate access to the courts when the detainee is held at multiple facilities, some of which provide access to legal materials. *See United States v. Kind*, 194 F.3d 900, 905 (8th Cir. 1999). Plaintiff has presumably had access to a comprehensive law library or legal resources since his July 2016 transfer from SCDC to the Arkansas Department of Correction – East Arkansas Regional Unit in Marianna, Arkansas. This is evident from Plaintiff's *pro se* filings in this case since that time, as they contain citations to an impressive variety of state and federal legal authorities and materials. Plaintiff has had several months at the Marianna correctional facility to do the necessary research for his state criminal drug trial, and he did not argue a need for ongoing, mid-trial research at

7

SCDC.  Plaintiff did not state that the issues to be litigated at trial are so complex as to require research during trial, nor did he state that the trial is scheduled for such a length of time that he would require or benefit from mid-trial research.  The Court finds that Plaintiff has not made the necessary showing of irreparable harm because he has not produced any evidence or augments explaining how or why he would suffer irreparable harm absent an injunction.  Thus, Plaintiff's motion for a preliminary injunction should be denied, as failure to show this factor is an independently sufficient basis to deny the motion.  *See Watkins Inc.*, 346 F.3d at 844.  However, assuming *arguendo* that Plaintiff has shown that he would suffer irreparable harm absent an injunction, the Court now turns to the remaining *Dataphase* factors.

### C.  Plaintiff's Likelihood of Success

Judge Bryant recommended that it is questionable whether Plaintiff will succeed on the merits of his § 1983 claim against Defendants for denial of access to a law library.  Plaintiff did not directly object to this recommendation, but his objections do state that prisons are required to provide prisoners access to the courts through adequate law libraries or adequate assistance from persons trained in the law.  The Court will infer an objection from this statement.

The Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Instead, prison officials must provide inmates with "meaningful access to the courts."  *Bounds*, 430 U.S. at 824.  Providing a law library is merely one way to comply with this obligation.  *See Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (stating the constitutional requirement of access to the courts may be satisfied in a number of ways,

including prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or other methods). To prove a violation of his constitutional rights, Plaintiff must show "actual injury" by demonstrating that the prison's alleged shortcomings "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351.

In this case, Plaintiff was originally detained at SCDC while awaiting state charges. Plaintiff's amended complaint states that SCDC's policy is that inmates are provided free access to their attorneys because SCDC has no law library. (ECF No. 9). At one point, Jeff Harrelson was appointed as Plaintiff's attorney.[8] Over time, Plaintiff became dissatisfied with Mr. Harrelson's representation, alleging that he called Mr. Harrelson "several times," and was able to speak with him only once. (ECF No. 9). Plaintiff's objections state that Mr. Harrelson and his secretary provided "inadequate assistance" by not making certain arguments on his behalf, by not filing certain paperwork for him, and by not providing the paperwork for him to file on his own. (ECF No. 39). Plaintiff's filings indicate that he terminated Mr. Harrelson at some point and made the decision to proceed *pro se* in his criminal case, although the Court cannot tell when this actually occurred.

Plaintiff's amended complaint asserts that "should a defendant 'fire' both of their appointed counselors, they either have to retain counsel or be given access to a law library to prepare their own defense." (ECF No. 9). Plaintiff provides no support for this assertion, and it appears to run counter to existing caselaw. Prisons must provide "meaningful access to the courts," but this can be satisfied in a number of ways, one of which involves providing access to attorneys. *Bear*, 650 F.3d at 1123. Plaintiff concedes that, at one point, an attorney was appointed to represent him. Plaintiff also concedes that SCDC provided him and other inmates with free access to their attorneys. At some point, Plaintiff fired his appointed counsel and

---

[8] Plaintiff's amended complaint also references "[Plaintiff's] lawyer in Little Rock," (ECF No. 9) but the Court is unable to determine from the record who this is and whether they ever represented Plaintiff in his criminal case.

9

elected to continue *pro se*. After he discharged his attorney, the available record does not indicate that Plaintiff requested another public defender or appointed counsel, nor does the record reveal whether Plaintiff has or had a standby attorney to oversee his handling of the case.[9]

An accused certainly has the constitutional right to represent himself. *Faretta v. California*, 422 U.S. 806, 819-20 (1975). However, prisoners do not necessarily have a constitutional right to access a law library when the state provides prisoners alternative legal resources in the form of court-appointed counsel and the prisoner voluntarily declines that resource. *See Kane v. Garcia Espitia*, 546 U.S. 9, 9-11 (2005); *see also United States v. Kind*, 194 F.3d 900, 905 (8th Cir. 1999) (finding a pretrial detainee was not denied adequate access to the courts when he waived his right to appointed counsel and was detained in several state facilities, some of which provided access to legal materials). Plaintiff was given the resource of court-appointed counsel and later voluntarily discontinued use of that resource.

Based on the available record, SCDC seems to have fulfilled its obligation under *Bounds* to provide meaningful access to the courts. For this reason, the Court finds that Plaintiff has not shown sufficient probability of success on the merits of his § 1983 claim.

**D. Balance of Harms and the Public Interest**

The Court must balance the alleged harm that may occur to Plaintiff without the issuance of an injunction against any harm that granting the injunction will inflict on the other parties. The public interest must also be considered.

The Report and Recommendation did not address these two factors, likely because it found an independently sufficient basis to deny the injunction in failure to show irreparable harm. Neither Plaintiff's motion for a preliminary injunction nor his objections to the Report and

---

[9] Plaintiff's early filings in this case refer to Mr. Harrelson as his lawyer, while his later filings state that Mr. Harrelson served in a supervisory or custodial capacity to Plaintiff. The Court is unsure whether this means Mr. Harrelson served as standby counsel once Plaintiff elected to proceed *pro se*.

Recommendation addressed any of the *Dataphase* factors. Consequently, Defendants' response to Plaintiff's motion argued only that Plaintiff bears the burden of proving the four factors, and that he did not do so.

Plaintiff's motion requests that Defendants be enjoined "from barring defendants in criminal proceedings being held at [SCDC] from the use of the law library." (ECF No. 27). The Court reasons that, if the injunction was granted, this could be accomplished in one of two ways: either by requiring that SCDC immediately install an adequately equipped law library, or by mandating that criminal defendants being tried in Sevier County, Arkansas, no longer be detained at SCDC. The Court is mindful of the Eighth Circuit's instruction that "judicial restraint is especially called for in dealing with [prisoners' requests for preliminary injunctions related to] the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks omitted). Because Plaintiff offered no argument related to these two factors, and failed to show how he will be irreparably harmed without the issuance of an injunction, the potential harm to SCDC's administrative capabilities weighs in favor of denying Plaintiffs' motion.

The Court finds that the four *Dataphase* factors weigh against granting Plaintiff's motion for a preliminary injunction. Therefore, the Court finds that Plaintiff's motion for preliminary injunction should be denied.

### E. Temporary Restraining Order

Plaintiff's motion also requested a temporary restraining order for the same reasons as the preliminary injunction. The four *Dataphase* factors are also used to determine whether to issue a temporary restraining order. *See Williams v. Silvey*, No. 4:09CV211 FRB, 2009 WL 1920187, at *1 (E.D. Mo. July 1, 2009) (applying the *Database* factors in denying a prisoner's motion for a temporary restraining order); *Cantrell v. Norris*, No. 5:05CV00356 JMM, 2007 WL 772568, at

11

*1 (E.D. Ark. Mar. 9, 2007) (same). Thus, the Court's analysis for whether to grant a request for a temporary restraining order is the same as for a preliminary injunction. For the reasons stated above, the Court finds that Plaintiff has failed to prove the four *Dataphase* factors, and therefore, his motion for a temporary restraining order should be denied.

### III.  CONCLUSION

After thorough consideration, the Court overrules Plaintiff's objections (ECF No. 39) and adopts the Report and Recommendation as it pertains to all but the mootness of Plaintiff's motion. Plaintiff's Motion to Order for a Preliminary Injunction and a Temporary Restraining Order (ECF No. 27) is hereby **DENIED**.

**IT IS SO ORDERED**, this 26th day of October, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge