IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRADLEY CRAIG BURCHFIELD                                                    PLAINTIFF

V.                              CASE NO. 4:16-CV-4050

DEPUTY CHRIS WALCOTT; and
SHERIFF BENNY SIMMONS                                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed October 24, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 59. Judge Bryant recommends that Plaintiff Bradley Craig Burchfield's Motion for Preliminary Injunction and Motion to Order for Preliminary Injunction and TRO be denied. ECF Nos. 43, 47. Plaintiff has not filed objections to the Report and Recommendation. The Court finds this matter ripe for consideration.[1]

## I. BACKGROUND

This case is a § 1983 action brought by Plaintiff, suing Defendants Chris Walcott and Benny Simmons in both their official and personal capacities.[2] Plaintiff alleges that while he was being held on pending state charges in the Sevier County Detention Center ("SCDC") in De Queen, Arkansas, the SCDC did not have a law library. Plaintiff states that it is the SCDC's policy to provide access to law library materials through appointed counsel and free phone calls to counsel. Plaintiff alleges that Defendants denied him access to a law library at the SCDC, which in combination with an allegedly insufficient public defender, deprived Plaintiff of

---

[1] Rule 7.2(e) of the Rules for the United States District Courts for the Eastern and Western Districts of Arkansas provides that pretrial motions for preliminary injunctions and temporary restraining orders will not be considered unless they are filed with a separate brief in support. Plaintiff did not comply with this rule, as he did not file a separate brief. Because he is acting *pro se* in this case, the Court will show leniency and consider the motion.
[2] Plaintiff's complaint identifies Defendant Walcott as the Sevier County Detention Center Jail Administrator and Defendant Simmons as the Sevier County Sheriff. The complaint named additional defendants, but the Court adopted a separate Report and Recommendation and dismissed Plaintiff's claims against the other defendants. ECF No. 61.

meaningful access to the courts. The record shows that Plaintiff is no longer incarcerated at the SCDC, and is currently incarcerated at the Arkansas Department of Correction – Benton Unit in Benton, Arkansas. ECF No. 71. This remains Plaintiff's address of record.

On May 24, 2016, Plaintiff filed the present *pro se* case in the United States District Court for the Eastern District of Arkansas. On May 27, 2016, the case was transferred to the Western District of Arkansas. On September 6, 2016, Plaintiff filed a motion asking the Court to enjoin Defendants from "barring the Petitioner from FILING PAPERWORK TO PROCEED PRO SE IN THE CIRCUIT COURT OF SEVIER COUNTY ARKANSAS." ECF No. 43. However, in the motion, Plaintiff makes clear that by "Defendants" he means the "County Clerk", "the municipality of the City of De Queen", and "the County of Sevier." None of these persons or entities are parties to the present action.

On September 14, 2016, Plaintiff filed a Motion to Order for Preliminary Injunction and TRO seeking an order enjoining Defendants "from barring the petitioner from 'access to the courts', 'access to meaningful assistance', 'access to proceed pro se', 'access to law library materials (filed in discovery in circuit court section 3(a); Exculpatory evidence)', and any other just relief." ECF No. 47. Plaintiff further stated that he had trial dates scheduled in Sevier County, Arkansas, on October 13, 2016, as well as October 26, 2016. Plaintiff argued that even though he was no longer incarcerated at the SCDC, his constitutional rights were still being violated by former Defendants Harrelson and Woods' successors in office.

On October 24, 2016, Judge Bryant issued a Report and Recommendation, recommending that Plaintiff's motions be denied. ECF No. 59. Judge Bryant recommends denial of Plaintiff's Motion for Preliminary Injunction and Motion to Order for Preliminary Injunction and TRO as moot because Plaintiff is no longer incarcerated at the SCDC. Judge Bryant further found that, even if the motions were not moot, the Court should abstain pursuant

to the *Younger* doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Judge Bryant also found that Plaintiff failed to provide any evidence to demonstrate he will sustain irreparable harm if the Court does not issue injunctive relief, and thus a preliminary injunction should not be issued.

## II. DISCUSSION

The Court will address each of Plaintiff's motions in turn.

### A. Motion for Preliminary Injunction

As noted above, Plaintiff seeks an injunction enjoining the County Clerk of Sevier County, Arkansas; the municipality of De Queen, Arkansas; and the County of Sevier from "barring the Petitioner from FILING PAPERWORK TO PROCEED PRO SE IN THE CIRCUIT COURT OF SEVIER COUNTY ARKANSAS." ECF No. 43. These parties are not, and have never been, parties to this litigation. As such, the Court finds that Plaintiff's motion should be denied.

### B. Motion to Order for Preliminary Injunction and TRO

In his Motion to Order for Preliminary Injunction and TRO, Plaintiff appears to argue that he will be subject to the policies and practices outlined in the Complaint when he is transferred back to the SCDC to appear for two scheduled court dates on October 13, 2016, and October 26, 2016. At this point, both dates have passed and Plaintiff has not alleged or provided documentation that he will be held in the SCDC at a later date.

Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions and temporary restraining orders. The determination of whether a preliminary injunction is warranted involves consideration of: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties . . . ; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). "The party seeking

injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Importantly, a movant's "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Id.*

In a prison context, a request for injunctive relief "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (internal quotation marks omitted). Courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id.* at 521.

The Eighth Circuit provides that a prisoner's request for injunctive relief is generally rendered moot by the prisoner's transfer to a different facility in which the alleged unlawful condition does not exist. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, in exceptional situations, the Eighth Circuit has recognized a "capable-of-repetition-yet-evading-review" exception to prisoners' otherwise moot injunctive-relief requests where: (1) the challenged action is too short in duration to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *See Smith*, 190 F.3d at 855; *Hickman v. State of Mo.*, 144 F.3d 1141, 1142 (8th Cir. 1998). The Court will address only the second prong, as that determination will be dispositive.

The second prong of the exception asks whether there is a reasonable expectation that the movant will be subject to the same action again. *Smith*, 190 F.3d at 855. At the time he filed his motion, Plaintiff stated that he had multiple court dates scheduled in Sevier County, Arkansas, and that, for the duration of the trial, he would be transferred to the SCDC in Sevier County. As of the date of this Order, Plaintiff's court dates have passed and Plaintiff has not alleged that he

will again be in the custody of the SCDC. Thus, the Court finds that, on the record before the Court, there is no reasonable expectation that Plaintiff will be subject to the complained of practices and policies of the SCDC in the future. As such, it is clear that Plaintiff's situation does not fall within the purview of the "capable-of-repetition-yet-evading-review" exception. Therefore, Plaintiff's Motion to Order for Preliminary Injunction and TRO should be denied as moot.

### III. CONCLUSION

After thorough consideration, the Court adopts the Report and Recommendation insofar as it recommends denial of Plaintiff's Motion to Order for Preliminary Injunction and TRO for mootness. Further, the Court will not adopt the Report and Recommendation in regard to Plaintiff's Motion for Preliminary Injunction, but finds that denial is warranted for failing to name any defendants who are parties to the present litigation. As such, Plaintiff's Motion for Preliminary Injunction (ECF No. 43) and Motion to Order for Preliminary Injunction and TRO (ECF No. 47) are hereby **DENIED**.

**IT IS SO ORDERED**, this 20th day of January, 2017

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge